Joseph Junior SOUTH, Petitioner,

v.

A. E. SLAYTON, Superintendent, Virginia
State Penitentiary, Respondent.

Civ. A. No. 71–C–134–A.

United States District Court,
W. D. Virginia,
Abingdon Division.

Jan. 24, 1972.

Gilbert W. Haith, Asst. Atty. Gen.,
Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis*, by Joseph Junior South, a state prisoner, pursuant to the provisions of 28 U.S.C.A. § 2241.

The petitioner is currently serving a fifteen year sentence imposed by the Circuit Court of Washington County, Virginia on December 1, 1964 following a conviction for attempted rape. At his trial the petitioner was represented by two attorneys both of whom were court appointed. The petitioner entered a plea of not guilty and was tried and convicted by a jury. From this conviction the petitioner did not appeal.

The petitioner sought state habeas corpus relief in the Circuit Court of

Washington County but his petition was denied on February 2, 1971 following a plenary hearing. From this denial the petitioner sought a writ of error in the Supreme Court of Virginia which affirmed the judgment of the lower court on September 1, 1971.

In the present federal petition, which was originally filed in the Eastern District and subsequently transferred to this court, the petitioner makes only one allegation of error committed by the state court. Specifically, the petitioner alleges that he was denied due process of law guaranteed by the fifth and fourteenth amendments of the United States Constitution when the trial court refused to allow a pre-trial examination to determine the petitioner's competency to stand trial.

Examination of the trial transcript and the transcript of the state plenary hearing reveals that the petitioner's attorney made several motions asking for such an examination before the trial. All of his motions were denied by the state court. The motion was originally made and argued by the petitioner's counsel on September 30, 1964. At that time the attorney asked the court to have the petitioner sent to Southwestern State Hospital for a determination of his mental competency to stand trial and also as to whether he could intelligently participate in his own defense. The apparent basis for this motion was the fact that the petitioner alleged that he did not recall anything which happened on the afternoon of the attempted rape. In response to this motion, the court informed the attorney that the burden was on the petitioner to show the need for such an examination; however, he would appoint Dr. Miller, the jail physician, to examine the petitioner.

On October 2, 1964 the attorney again made a motion to have the petitioner sent to Southwestern State Hospital or to appoint three physicians to examine the petitioner in accordance with Section 19.1–228 of the Code of Virginia (1960 Repl.Vol.). At that hearing, the court heard testimony on this point and there-after denied the request. Among the testimony heard was that of Dr. S. E. Miller, a general practitioner, who had examined the petitioner in accordance with the court's prior order. Dr. Miller testified that it was his opinion that the petitioner understood the nature of the charges against him but that he could not intelligently advise his counsel on the matter. Dr. Miller also stated in reply to questions posed by the court that the petitioner's memory lapses were caused by the use of alcohol and that when he was sober he did not have such lapses. Dr. Miller also testified that in his opinion the petitioner had no recollection of the events surrounding the alleged offense. He also stated that in compiling the petitioner's personal history he had found that the petitioner had only completed the third grade and that he estimated, without any tests, that the petitioner's intelligence level was that of a child of ten to twelve years.

At the same hearing, the petitioner, age eighteen, testified as to the events which he remembered on the day of the alleged offense. He told the court that after breakfast he and his brother and a friend had gotten some whiskey and gone groundhog hunting. The petitioner said that he personally had acquired three pints of moonshine whiskey, and that in the span of about thirty minutes he had finished one of the pints. He stated that after consuming the liquor he had laid down and fallen asleep and that when he awoke he was in jail. In response to cross-examination by the Commonwealth Attorney, the petitioner testified that he had previously had similar experiences following heavy drinking, that he knew he would lose his memory if he drank, and that he had voluntarily consumed the whiskey on the day the offense occurred. Following the testimony at the hearing, the judge again denied the petitioner's motion for a mental examination on the ground that the petitioner had admitted he had consumed the whiskey with the knowledge of his prior experiences, therefore he was not excused of the crime since un-

der the law of Virginia, voluntary drunkenness is no defense.

This matter was again heard by the state court on October 6, 1964 and the petitioner's attorney again moved the court for a mental examination. This motion was similar to the ones previously made except in this motion the attorney asked specifically that the petitioner be afforded examination and treatment in order to attempt to aid the petitioner in recollecting the events which had occurred. The petitioner's attorney argued that such recollection could have bearing on the petitioner's case with respect to the question of jurisdiction since the offense had occurred within a few feet of the Virginia-Tennessee state line and also with respect to the question of whether the crime committed was assault rather than attempted rape. The court again denied the petitioner's motion.

On December 1, 1964, the petitioner's case came to trial, and his attorney again moved for an examination and the court again denied it.

It appears that the allegation contained in the petition presently before this court actually involved two issues. First, was the petitioner denied due process of law when the state court denied the motion for a pre-trial mental examination to determine the petitioner's competency to stand trial? Second, was the petitioner, an indigent who was tried in 1964, denied equal protection of the laws when the court refused to grant pre-trial hypnotic and drug treatment to attempt to aid him in recollection of the events which transpired during the approximate four-hour period in which he suffered the alleged mental lapse?

As to the allegation involving the denial of due process of law because of the state court's refusal to allow pre-trial mental examination on the question of competency to stand trial, the Supreme Court held in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), that when sufficient evidence is introduced on behalf of a defendant which raises a reasonable doubt as to his competency to stand trial, he is entitled to have an inquiry as to his sanity. Furthermore, the court held that failure to make such an inquiry deprived the defendant of his constitutional right to a fair trial. Of course the decision in *Pate*, supra, was handed down in 1966, two years after the petitioner's trial in the case at bar; however, the Supreme Court cited with apparent approval the case of Thomas v. Cunningham, 313 F. 2d 934 (4th Cir. 1963). That case decided by the court of appeals for this circuit in 1963 held that the only burden which a defendant had to meet with regard to a motion for a pre-trial mental examination under Section 19.1–228 of the Virginia Code (1960 Repl.Vol.) was to adduce facts sufficient to create in the court's mind a reasonable doubt as to his sanity. Section 19.1–228 as it read at the time of the petitioner's trial provided in essence that when any person charged with a crime was believed to be in an abnormal mental condition, the court should after hearing the evidence commit the person for observation if his mental condition so warranted. The court of appeals further stated that a denial of a pre-trial examination can be assailed only as an abuse of discretion. *Thomas*, supra at 940.

■ Turning now to the petition before this court, it must be determined whether or not there was sufficient evidence which entitled the petitioner to a pre-trial examination of his competency to stand trial. After careful consideration of the complete records in this case, this court does not believe that the trial judge abused his discretion in denying the pre-trial examination. The testimony given by Dr. Miller at the hearing on the petitioner's motion indicated that the petitioner understood the nature of the charges against him and that he was aware that he was subject to punishment for them if found guilty. It is true that Dr. Miller stated that the peti-

tioner was not a very intelligent individual and he doubted if the petitioner could intelligently participate in his defense. However, the reason for Dr. Miller's lack of faith in the petitioner's ability was not his present mental condition or competence but was the problem caused by the petitioner's memory lapse occasioned by heavy drinking. Likewise, the judge observed that the petitioner appeared normal while in court, and the petitioner's own testimony revealed nothing which indicated any mental defect or disease at the time of trial. Furthermore, there was no evidence that the petitioner had any prior history of mental instability. It therefore appears to this court that the petitioner did not meet the burden of casting a reasonable doubt on his competency to stand trial.

■■ As to the question of denial of equal protection of the laws, this court found no authority which would have entitled the petitioner to pre-trial treatment by hypnosis or drugs to aid him in recollecting the events which transpired on the day of the offense. Under the law of Virginia, voluntary drunkenness, as admitted by the petitioner, is no defense to a crime. Arey v. Peyton, 209 Va. 370, 164 S.E.2d 691 (1968); Jordan v. Commonwealth, 181 Va. 490, 25 S.E. 2d 249 (1943). It therefore appears that consequences, such as memory lapses, related to voluntary drunkenness fall upon the defendant especially in situations where the defendant knows that such consequences will occur. The extra burden of defending an accused in this situation also falls on the shoulders of the accused. In 1964, when the petitioner faced trial there were to the knowledge of this court no laws which entitled the petitioner to the type of examination which he sought. Whether or not this type treatment would have been successful is speculative. It should be noted that the evidence adduced at trial was sufficient to show that the crime was committed within the State of Virginia and that the evidence was also sufficient to support a conviction of attempted rape.

For the reasons herein given the petition for a writ of habeas corpus is dismissed and the relief is denied.